UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCHULTZ CHAN, and SONGJIANG WANG, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. 1:23-cv-12385-IT |
| | * | |
| U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF MASSACHUSETTS, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER
September 6, 2024

TALWANI, D.J.

In July 2018, Plaintiffs Schultz Chan and Songjiang Wang were convicted of securities fraud and conspiracy to commit securities fraud. Their pending civil action alleges that Defendant U.S. Attorney's Office for the District of Massachusetts ("U.S. Attorney's Office") violated their right to a fair trial. See Complaint [Doc. No. 1]. They assert that they need certain material to prove that federal crimes have been committed. Id. Pending before the court is Defendant's Motion to Dismiss ("Mot. to Dismiss") [Doc. No. 13], which, for the reasons set forth below, is GRANTED.

## I.      Background

After Chan and Wang were criminally indicted, they moved to compel production of Financial Industry Regulatory Authority ("FINRA") reports and referral provided to the Securities and Exchange Commission ("SEC") in connection with its underlying investigation of them. The magistrate judge denied that motion, finding that the SEC conducted its own independent investigation after receiving the FINRA letter, and the grand jury conducted its own

investigation before returning an indictment, such that proof that FINRA's conclusions may have been incorrect would not provide a legal basis to challenge the legitimacy of the indictment. United States v. Chan, 2017 WL 3897164, at *7 (D. Mass. Sept. 6, 2017).

Following a nine-day trial, a jury convicted Chan and Wang of one count of conspiring to commit securities fraud in violation of 18 U.S.C. § 371 and two counts of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. It also convicted Chan on an additional count of securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff(a) and 17 C.F.R. § 240.10b-5. Chan and Wang jointly moved for judgments of acquittal and for a new trial. The court denied their motion. See United States v. Chan, 352 F. Supp. 3d 54, 60 (D. Mass. 2018). Chan and Wang appealed both the magistrate judge's discovery order and their criminal convictions, both of which the First Circuit affirmed. United States v. Chan, 981 F.3d 39, 61, 66 (1st Cir. 2020).

After the appeal was concluded, Chan filed a motion under 28 U.S.C. § 2255 to vacate or set aside his conviction ("habeas petition"), asserting, inter alia, "Brady violations (government refused to disclose, and trial court refused to order[,] government to disclose FINRA referral and FBI agent Cirilli's grand jury testimonies, both pre- and post-trial"). Motion to Vacate, Set Aside, or Correct Sentence [dkt. 1:16-cr-10268-IT, Doc. No. 476]. Chan also filed motions labelled: Motion to Request for Evidences [Doc. No. 485], Motion to Compel Discovery [dkt. 1:16-cr-10268-IT, Doc. No. 502], and Request for Exculpatory Evidence [dkt. 1:16-cr-10268-IT, Doc. No. 503]. In detailed orders, the court denied the habeas petition and discovery motions, Chan v. United States, 2022 WL 888704 (D. Mass. Mar. 25, 2022), and Chan's subsequent motion for reconsideration and recusal, Chan v. United States, 2022 WL 17722544 (D. Mass. Dec. 15, 2022). Chan did not appeal these orders.

Meanwhile, Plaintiffs filed a civil action against former and current Assistant U.S. Attorneys and FBI Agent Cirilli for alleged prosecutorial misconduct related to Plaintiffs' criminal action. In that action, Plaintiffs pled that the government had conspired to tamper with evidence, provide false testimony, and otherwise violate defendants' fundamental right to a fair trial. Complaint 1, 4 [dkt. 1:21-cv-11135-IT, Doc. No. 1]. The matter was reassigned to the undersigned as related to the criminal matter. Elec. Order [dkt. 1:21-cv-11135-IT, Doc. No. 21]. The court denied Plaintiffs' motion for recusal, Mem. & Order [dkt. 1:21-cv-11135-IT, Doc. No. 26], and renewed motions for recusal, Mem. & Order [dkt. 1:21-cv-11135-IT, Doc. No. 31] and Elec. Order [Doc. No. 33]. On the Defendants' motion to dismiss, the court found service improper but that dismissal for lack of service would be premature where Plaintiffs were proceeding pro se. Chan v. Cirilli, 2022 WL 17156089, at *2 (D. Mass. Nov. 22, 2022). The court instead considered the alternative motion to dismiss for failure to state a claim and dismissed the action. Id. at *4. Plaintiffs filed no appeal.

In the instant action, Plaintiffs again allege they were denied their "f[]undamental right to fair trial" and that "serious federal crimes have been committed by people in [positions] of public trust" in their criminal trial. Complaint 4 [Doc. No. 1]. They demand certain disclosures so that they may prove the alleged crimes. Id.

Summons issued on October 16, 2023. [Docs. No. 3, 4]. Over the next three months, Plaintiffs filed no proof of service of the summons and complaint and instead filed repeated motions for recusals, see Mot. for Recusal [Doc. No. 6] and Renewed Mot. for Recusal [Doc. No. 10], which this court denied, see Order [Doc. No. 7] and Elec. Order [Doc. No. 11]. Defendant subsequently filed the pending motion to dismiss for failing to properly serve the

complaint, failing to comply with Fed. R. Civ. P. 8(a), and failing to state a claim upon which relief may be granted. Mot. to Dismiss [Doc. No. 13]; Mem. ISO Mot. to Dismiss [Doc. No. 14].

Plaintiffs responded with a Letter [Doc. No. 15] stating that "[t]he summons . . . has been successfully served to Joshua Levy, acting U.S. Attorney" and including a mail receipt dated November 8, and a Response [Doc. No. 17] to Defendant's motion.

## II.    Discussion

### A.   *Service of Process*

If a defendant is not properly served within ninety days of a complaint's filing, the court "must dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m). When serving the United States, a party must "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought" and "send a copy of each … to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(A)-(B).

Plaintiffs' Complaint [Doc. No. 1] was filed on October 16, 2023, making the deadline for service January 14, 2024. As Defendant points out, while Plaintiffs served the U.S. Attorney's Office of Massachusetts, they did not serve the Attorney General of the United States, as required by the federal rules. See Fed. R. Civ. P. 4(i)(1)(B). Plaintiffs have thus failed to render proper service in this case.[1]

---

[1] Defendant also discusses the failure to serve the individuals referenced in the Complaint (including the undersigned). Mem. ISO Mot. to Dismiss 3 [Doc. No. 14]. The court understands Plaintiffs to be seeking relief only from the "U.S. Attorneys' Office of Massachusetts," however, where that is the only Defendant identified in the caption of the Complaint and on the Form Complaint, and where the relief sought is for the court "to order the U.S. Attorney Office of Massachusetts to disclose Cirilli's grand jury testimonies, FINRA referral letter and Akebia's response to SEC request #1." Complaint 1-2, 10 [Doc. No. 1].

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The rule provides further that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Rule 4(i)(4) also provides that "[t]he court must allow a party reasonable time to cure its failure to: . . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General[.]" Fed. R. Civ. P. 4(i)(4)(A). Here, had Plaintiffs shown cause for their failure to properly serve the U.S. Attorney's Office or simply requested additional time to serve the Attorney General of the United States after receiving Defendant's motion to dismiss, the court would have allowed it under these rules. Instead, Plaintiffs assert that it is the Defendant that is in default; in their view, they "only ask the U.S. Attorney Office to disclose the requested evidence, so serving the summon[s] only to the acting U.S. Attorney is sufficient." Response to Government's Motion to Dismiss 2 [Doc. No. 17].

"[I]gnorance of the procedural rules maybe an explanation but [it is] not an excuse. H & A Corp. v. United States, 2015 WL 5610816, at *4 (D. Mass. Sept. 22, 2015). Further, "[p]ro se status … is not automatically enough to constitute good cause for purposes of Rule 4(m)." McIsaac v. Ford, 193 F.Supp.2d 382, 383 (D. Mass. 2002). This court has previously shown the Plaintiffs some leniency on the requirements of Rule 4. See Chan, 2022 WL 17156089, at *2-3. But where Plaintiffs here again fail to effect proper service and, rather than showing cause for that failure or requesting additional time to serve the Attorney General, Plaintiffs simply contend that the rules do not apply to them, the court finds no grounds to extend the service deadline.

Accordingly, Plaintiffs' claims against the U.S. Attorney's Office are subject to dismissal for want of proper service. See Fed. R. Civ. P. 4(m).

B. *Failure to State a Claim*

Though this case warrants dismissal for failure to effect service, the court considers Defendant's motion for dismissal under Rule 12(b)(6) for the sake of completeness. In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiffs' claims regarding the alleged unfairness in their criminal proceedings have already been heard and rejected. Plaintiffs cite "Brady rule, 18 U.S. Code § 1623" as their basis for federal question jurisdiction and request that this court "disclose Cirilli's grand jury testimonies, the FINRA referral letter, and Akebia's response to SEC request #1." Complaint 3, 6 [Doc. No. 1]. This is the same relief Plaintiffs sought in their underlying criminal case, their appeal, and their prior civil case.[2] In each instance, the court found that the evidence was not discoverable. Id. The First Circuit further affirmed the court's decision in United States v. Chan, 981 F.3d 39, 61-62 (1st Cir. 2020).

As stated in the court's most recent order addressing Plaintiffs' claims,

---

[2] See Order on Defendants' Joint Motion to Compel [Doc. No. 117], United States v. Chan 2017 WL 3897164 (D. Mass. Sept. 6, 2017), aff'd, 981 F.3d 39 (1st Cir. 2020); Elec. Order Denying Defendants' Renewed Motion for Disclosure of FINRA Referral [Doc. No. 213], United States v. Chan, No. 16-CR-10268-IT; United States v. Chan, 2020 WL 9256603 (D. Mass. Nov. 25, 2020); United States v. Chan, 981 F.3d 39 (1st Cir. 2020); and Chan v. United States, 2022 WL 888704 (D. Mass. Mar. 25, 2022), reconsideration denied, No. 16-CR-10268-IT, 2022 WL 17722544 (D. Mass. Dec. 15, 2022).

> Since Chan was convicted by a petit jury, which never reviewed the FINRA
> referral letter nor heard the allegedly perjurious testimony, the indictment did not
> prejudice Chan, and the court may not dismiss it. Moreover, absent his conclusory
> assertion that trial testimony proves misconduct in the grand jury proceedings,
> Chan provides no basis on which the court can find malfeasance. [Fed. R. Crim.
> P.] 6(e)(3)(E) is not an invitation to engage in fishing expeditions for misconduct
> in grand jury proceedings when there are no grounds to believe that any
> wrongdoing or abuse has occurred.

Chan v. United States, 2022 WL 888704, at *8 (D. Mass. Mar. 25, 2022) (internal citations and

quotations omitted). The same reasoning applies here. The Brady rule and 18 U.S.C. § 1623 are

likewise not invitations for Plaintiffs to fish for wrongdoing in their past prosecutions. This is

especially true when the court has already found, on several occasions, that there was no

evidence of the alleged abuse in the proceedings that led to Plaintiffs' criminal convictions.

The court further stated in its most recent order that "[a]bsent an intervening change in

the applicable law, issues that have been raised and decided on a motion for a new trial cannot be

reconsidered in a subsequent collateral attack." Id. at *2 (citing Tracey v. United States, 739 F.2d

679, 682 (1st Cir. 1984)). Plaintiffs have provided this court with no newly discovered evidence

or legal theory which might serve to distinguish their current complaint from their previously

rejected claims.[3]

Given that Plaintiffs have already been heard on the same issues they raise here—in their

pre and post-trial motions in their criminal case, in the appeal of their convictions, in Chan's

habeas petition, and in Plaintiffs' prior civil action—and their claims have, in each instance, been

rejected, the present case must also be dismissed.

---

[3] To the extent that their pending claims differ from their previously rejected claims, the court
still finds that Plaintiffs have failed to plead sufficient facts to state a facially plausible claim
surrounding Defendant's purported abuse of the criminal process. See Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).

### III.    Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

September 6, 2024                                      /s/Indira Talwani
                                                      United States District Judge